# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00240-CR[1]

**Woodrow Wilson Baker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-14-302657, THE HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Woodrow Wilson Baker appeals his convictions for three counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. *See* Tex. Penal Code §§ 21.11(A)(1), 22.021. A jury assessed Baker's punishment at fifty years' imprisonment for each count of aggravated sexual assault of a child and twenty years' imprisonment for the count of indecency with a child by contact. The district court rendered judgments of conviction on the jury's verdicts. In five issues on appeal, Baker contends that: (1) the district court erred by admitting evidence of Baker's extraneous bad acts; (2) article 38.37 of the Texas Code of Criminal Procedure is an unconstitutional ex post facto law and violates his

[1] Notice of appeal for this case was originally filed in this Court in March 2016, and the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

right to due process; (3) the district court erred by limiting the scope of testimony from a character witness; (4) the district court erred by overruling his objection to the State's closing argument; and (5) the cumulative effect of the district court's errors denied him a fair trial. We will affirm the district court's judgments of conviction.

## BACKGROUND[2]

The jury heard that Woodrow Wilson Baker committed the charged offenses against R.C. in 1992 when she was eight or nine while Baker worked as a live-in caregiver for her and her three siblings: her eleven-year-old brother, R.M.C.; her seven-year-old sister, R.A.C.; and her six-year-old sister O.C.[3] In 2014, R.C. reported to an Austin Police Department officer that Baker had sexually abused her in 1992.[4] Police issued a warrant for Baker's arrest and conducted an interview with Baker, during which he admitted to "being a bad influence" on the children and to writing a note for R.M.C. to use in a bank robbery, but he denied sexually assaulting R.C. Baker was later charged with the offenses at issue here.

During Baker's trial for the offenses against R.C. the jury heard testimony from her sister and her brother about other bad acts Baker committed when he was living with them in the early 1990s. The sister, R.A.C., testified that Baker sexually abused her and that her brother sexually abused her at Baker's direction.[5] The brother testified that Baker directed him to rob a

---

[2] The parties are familiar with the facts of this case, and Baker presents no evidentiary sufficiency issues on appeal; thus, we do not recite the facts in detail. *See* Tex. R. App. P. 47.1.

[3] The children testified to their approximate ages in 1992.

[4] R.C. also testified to being sexually abused by her uncle and the grandfather of her sister's friend.

[5] R.M.C. denied sexually assaulting any of his sisters.

bank and threatened to rape his sisters if he did not cooperate. The district court admitted this extraneous bad act evidence under article 38.37 of the Code of Criminal Procedure. Baker's niece, who was eleven years old at the time of the charged offenses, testified as a character witness for him. The district court limited her testimony to her opinion about Baker's character per Texas Rule of Evidence 405(a)(2). The court stated that it would not allow testimony from character witnesses who did not know Baker in 1992, testimony about specific instances of conduct proving Baker's character, and testimony about whether the children involved in this case were credible in 1992.

Later during closing argument, the State said that R.C. was "telling us the truth." Additionally, the State contended that "just because [Baker] won't admit to sexually abusing [R.C.], just because that's the only thing he won't admit to, doesn't mean that we haven't proven it to you beyond a reasonable doubt."

At the conclusion of the trial, the jury convicted Baker of three counts of aggravated sexual assault of a child and one count of indecency with a child by contact and assessed punishment. The district court rendered judgments on the jury's verdicts. Baker filed a motion for new trial that was overruled by operation of law. This appeal followed.

## DISCUSSION

**First issue: Admission of extraneous-bad-act evidence**

In his first issue, Baker contends that the district court erred by admitting evidence of Baker's extraneous bad acts. Specifically, Baker complains about testimony that he sexually abused the victim's sister and testimony about the 1992 bank robbery.

3

To preserve a complaint for appellate review, a party must have presented a timely objection to the trial court with sufficient specificity to make the court aware of the complaint unless the grounds were apparent from the context of the party's objection. *See* Tex. R. App. P. 33.1(a). Error in the admission of evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010); *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (concluding that any error in admission of evidence was harmless in light of "very similar" evidence admitted without objection); *Benitez v. State*, No. 05-13-00199-CR, 2014 Tex. App. LEXIS 7651, at *16 (Tex. App.—Dallas July 15, 2014, pet. ref'd) (not designated for publication) (concluding that any error in admission of evidence is rendered harmless when "substantially the same evidence" is admitted elsewhere without objection); *Mack v. State*, 928 S.W.2d 219, 225 (Tex. App.—Austin 1996, pet. ref'd) (no reversible error if other evidence at trial is admitted without objection proving same fact or facts that allegedly inadmissible evidence sought to prove); *see Haley v. State*, 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005) (concluding that preservation of error requires objection "each time inadmissible evidence is offered").

Here, the record shows that Baker did not object when the State elicited testimony from the victim's sister, R.A.C., about extraneous acts of sexual abuse by Baker. *See* Tex. R. App. P. 33.1(a). Additionally, counsel for Baker referenced the issue of his prior bank robbery during opening statement, he expressed his intention to question R.C. about the bank robbery, he did not object when a police officer summarized what Baker told him about the bank robbery, and he did not object when the State questioned the sisters about their brother's involvement, at Baker's direction, in that robbery. On the fourth day of trial during the brother's direct

4

examination, counsel for Baker objected for the first time—on "relevance" grounds—when the State elicited testimony that the idea for the bank robbery began with "scop[ing] out" a convenience store.

As Baker's objection to this reference to the bank robbery was untimely, and because Baker did not object to the robbery references each time they occurred, he failed to preserve his complaint about that evidence. *See* Tex. R. App. P. 33.1(a); *Haley*, 173 S.W.3d at 516-17. Further, Baker cannot demonstrate that admission of testimony about the bank robbery was harmful error entitling him to reversal, *see* Tex. R. App. P. 44.2(b), because the police officer and both sisters had provided the jury with substantially the same evidence about the bank robbery as the testimony from the brother that Baker subsequently sought to exclude. *See Coble*, 330 S.W.3d at 282; *Estrada*, 313 S.W.3d at 302 n.29; *Benitez*, 2014 Tex. App. LEXIS 7651, at *16; *Mack*, 928 S.W.2d at 225. Finally, to the extent Baker is complaining that the reference to "scop[ing] out" a convenience store before the bank robbery was unfairly prejudicial under Texas Rule of Evidence 403, that appellate complaint was not preserved by the objection at trial to "relevance." *See* Tex. R. Evid. 403 (providing that court may exclude relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, misleading jury, undue delay, or needlessly presenting cumulative evidence); Tex. R. App. P. 33.1(a); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (requiring party's appellate issue to comport with objection made at trial). We overrule Baker's first issue.

**Second issue:  Constitutionality of article 38.37**

In his second issue, Baker contends that article 38.37—providing that evidence of sexual offenses or acts of sexual misconduct besides those for which a defendant is being tried may be admissible character-conformity evidence—is an unconstitutional ex post facto law and violates his right to due process.  *See* Tex. Code Crim. Proc. art. 38.37, § 1(b).  He also contends that he can raise this challenge for the first time on appeal because it involves "structural" error.[6]

However, the two cases Baker cites in support of this proposition do not show that a defendant may challenge the constitutionality of a statute for the first time on appeal.  *See Sullivan v. Louisiana*, 508 U.S. 275, 277, 281-82 (1993) (concluding that harmless-error analysis could not be applied when jury was given definition of "reasonable doubt" that had been held unconstitutional); *Blue v. State*, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (concluding that trial judge's comments that tainted defendant's presumption of innocence in front of venire constituted fundamental error); *cf. Burke v. State*, No. 04-16-00220-CR, 2017 Tex. App. LEXIS 4248, at *7 (Tex. App.—San Antonio May 10, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that jury instruction that did not misdefine State's burden of proof did not amount to structural error under *Sullivan*); *Baez v. State*, 486 S.W.3d 592, 597-99 (Tex. App.—San Antonio 2015, pet. ref'd) (rejecting argument that jury charge that tracked language of article 38.37 constituted structural error).

The Texas Court of Criminal Appeals has held that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."  *Karenev v. State*,

---

[6]  "Structural error" concerns an error's harmfulness, but this complaint suggests "fundamental error" because it concerns error preservation.  *See Proenza v. State*, 541 S.W.3d 786, 791 n.14 (Tex. Crim. App. 2017) (noting that concept of "structural error" has to do with harmfulness of error).

281 S.W.3d 428, 434 (Tex. Crim. App. 2009). The Court of Criminal Appeals has also held that a defendant who does not object at trial to the constitutionality of a statute "as applied" to him fails to preserve that challenge for appeal. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). Here, Baker did not raise any challenge to the constitutionality of article 38.37 with the district court; thus, he has failed to preserve that constitutional challenge for our review. *See* Tex. R. App. P. 33.1 (a); *Karenev*, 281 S.W.3d at 434; *Curry*, 910 S.W.2d at 496; *Robisheaux v. State*, 483 S.W.3d 205, 214-15 (Tex. App.—Austin 2016, pet. ref'd) (rejecting facial challenge to constitutionality of article 38.37 section 2 and concluding that statute did not violate prohibition against ex post facto laws).

Baker presents three alternative arguments: (1) that the State did not comply with article 38.37 by providing 30 days' notice before trial of its intent to use evidence of extraneous sexual conduct in its case in chief; (2) that the trial court did not conduct a balancing test under Texas Rule of Evidence 403 before admitting such evidence from R.C.; and (3) that the district court did not hold "an Article 38.37 hearing" to determine the admissibility of R.C.'s testimony. *See* Tex. Code Crim. Proc. art. 38.37, § 3 (requiring State to give defendant thirty days' notice before trial of its intent to use extraneous-sexual-offense or sexual-misconduct evidence in its case in chief); *Robisheaux*, 483 S.W.3d at 210 (noting that article 38.37 section 2(b) allows admission of separate sexual-offense evidence "[n]otwithstanding Rules 404 and 405" but not excluding Rule 403); *see also* Tex. R. Evid. 403 (authorizing exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, misleading jury, undue delay, or needless presentation of cumulative evidence).

The record shows that Baker's assertion about the State's failure to provide notice is incorrect. Baker's counsel acknowledged at trial, outside the presence of the jury, that he received proper notice from the State:

| | |
|---|---|
| Prosecutor: | [Baker's counsel] was asking about the notice requirement of 38.37, and in this particular case, the State filed two separate 404(b) notices that incorporated within the language, specifically 38.37, and you will find in the first— that it requires a 30-day notice requirement, and the State's— |
| Baker's counsel: | I received that, Judge. I was just checking. |
| The Court: | Okay. |
| Baker's counsel: | I received both of those, Your Honor. |

Baker's assertion that the State failed to provide proper notice has no support in this record.

Further, Baker failed to preserve his complaints that the district court did not conduct "an Article 38.37 hearing" before admitting testimony from the victim, R.C.,[7] and that the court did not conduct a Rule 403 balancing test before admitting testimony from R.A.C. about extraneous sexual abuse that Baker committed against her. The record shows that Baker never raised either of these complaints with the district court below. *See* Tex. R. App. P. 33.1(a); *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd) (noting that trial court must perform Rule 403 balancing test "upon a proper objection or request" and that such balancing test need not be performed on record). We overrule Baker's second issue.

---

[7] Moreover, as the State notes, it offered R.C.'s testimony under section 1 of article 38.37, which did not require a hearing before its admission. *Compare* Tex. Code Crim. Proc. art. 38.37, § 1(b) (addressing admissibility of evidence of "other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense"), *with id.* § 2-a (addressing admissibility of evidence that defendant committed separate offense against different victim).

**Third issue: Limitation on scope of character witness's testimony**

In his third issue, Baker contends that the district court erred by limiting the scope of testimony from a character witness, his niece. Baker specifically contends that his niece should have been allowed to testify as a fact witness about her observations about the relationship between Baker and the children in 1992.

To preserve a complaint for appellate review, a party must have presented a timely objection to the trial court with sufficient specificity to make the court aware of the complaint unless the grounds were apparent from the context of the party's objection. *See* Tex. R. App. P. 33.1(a). Here, when the district court addressed the scope of the niece's testimony, Baker made no objection:

| | |
|---|---|
| The Court: | [A]n issue has come up with respect to some witnesses that the defense intends to offer, and it's my understanding— correct me if I'm wrong, [counsel]—that you had some witnesses that wanted to testify as to the character of the Defendant; is that correct? |
| Baker's counsel: | Yes, Your Honor, that is correct. |
| The Court: | And so I certainly think it would be, in the context of this case, allowable for a character witness; however, I think it has to be in accordance with the law, which in this case I think would be governed by the Rules of Evidence, Section 405, and that would be (a)(2), and that is the manner in which character evidence can be proved. And the rule is that in the guilt stage of a criminal case, a witness may testify to the defendant's character or character trait only if before the day of the offense, the witness was familiar with the defendant's reputation or the facts or information that formed the basis of the witness['s] opinion. And so in that context, if you have a witness who can give an opinion based on their knowledge of this defendant before the day of this offense, then certainly they would be allowed to testify. Is that the case? |

9

Baker's counsel:    Not with the four that are here, Judge.  I do have one, Your Honor. . . .   She is Mr. Baker's niece.  She knew him back at that time.  And she will be available to testify first thing in the morning, and that's because of her work schedule. . . .  That would be our next witness.  In terms of case-in-chief, that is, I think, the only witness—the only witnesses that we have.  And so I don't have any witnesses today.

The Court:    Okay.  And just so we're clear, even in the manner of them testifying in terms of the character, it would be very limited as to whether they know them, how they know them, and whether or not they have an opinion as to their character and whether it's good or bad.  It's very limited.  We can't go into any specific instances of conduct that would prove their character.

Baker's counsel:    I understand.

Further, Baker made no objection to the scope of his niece's testimony and stated no intention to present her as a fact witness, in addition to being a character witness, before she took the stand the next day:

Prosecutor:    Judge, just to be clear before this next witness testifies, I know we've already talked about her ability to testify about what she knows of the character of the defendant, and we've talked about exactly how—the parameters of that.  It's possible—and we don't know—but it's possible that she may have known the children, as well, during that timeframe, and the State's concerned that if there is a question about the credibility of the children at the time, in 1992, that that's not an appropriate question, because we didn't have a child in 1992 testifying, we have a 30-year-old woman who is testifying.  So it's going to be the question of whether or not her credibility now is for truthfulness and whether or not the witness knows her now.  I know that's a little bit different.  We believe that's what the Rule says in regards to—

The Court:    Can I just stop you?  The only question that's going to be allowed is the question we spoke about yesterday and the knowledge of this person of the defendant at that time and

10

|                    | the opinion as to his reputation or character. Anything you want to say, [Baker's counsel]? |
|--------------------|---------------------------------------------------------------------------------------------|
| Baker's counsel:   | I expect they're going to cross-examine her on her knowledge of the bank robbery and all of those events and whether or not— |
| Prosecutor 2:      | No. |
| The Court:         | Okay. We'll deal with all of that if it happens. |
| Baker's counsel:   | All right. |
| The Court:         | I would suspect not, but we'll see. |
| Baker's counsel:   | All right. I'm good, then. |

On this record, Baker has failed to preserve his complaint about the court's limitation on the scope of testimony from his niece. *See* Tex. R. App. P. 33.1(a). We overrule Baker's third issue.

**Fourth issue:  State's closing argument**

In his fourth issue, Baker contends that the district court erred by overruling his objection to the State's closing argument. Baker presents two complaints: (1) that the State improperly commented on R.C.'s credibility when it told the jury that "she's telling us the truth" and (2) that the State impermissibly commented on Baker's right to remain silent when it said, "just because he won't admit to sexually abusing her, just because that's the only thing he won't admit to, doesn't mean that we haven't proven it to you beyond a reasonable doubt." Baker only objected to the latter comment.

To preserve a complaint of jury-argument error, the complaining party must make a contemporaneous objection and receive an adverse ruling. *Cooks v. State*, 844 S.W.2d 697,

11

727 (Tex. Crim. App. 1992); *see* Tex. R. App. P. 33.1(a). Because Baker did not object to the State's argument that R.C. was "telling us the truth," he has failed to preserve this complaint for appeal. *See* Tex. R. App. P. 33.1(a); *Sepulveda v. State*, No. 13-07-00627-CR, 2009 Tex. App. LEXIS 981, at *22-23 (Tex. App.—Corpus Christi Feb. 12, 2009, pet. ref'd) (mem. op., not designated for publication) (concluding that defendant who did not object to prosecution's argument that "you heard the truth from [victim]" failed to preserve complaint about that argument for appellate review).

However, Baker did object to the perceived comment on his right to remain silent, which the district court overruled. We review a trial court's ruling on an objection to jury argument under an abuse-of-discretion standard. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd); *see Roberts v. State*, No. 03-14-00637-CR, 2016 Tex. App. LEXIS 11557, at *32 (Tex. App.—Austin Oct. 26, 2016, pet. ref'd) (mem. op., not designated for publication) ("The trial court has broad discretion in controlling the scope of closing argument."). The Court of Criminal Appeals has recognized four proper areas of jury argument: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). When examining challenges to jury argument, we consider the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Roberts*, 2016 Tex. App. LEXIS 11557, at *32. The test for determining whether a prosecutor's argument is a comment on a defendant's failure to testify "is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Busby v. State*, 253 S.W.3d

12

661, 666 (Tex. Crim. App. 2008). "It is not sufficient that the language used might impliedly or indirectly be so construed." *Id*.

Here, as the prosecutor explained to the district court below, her comment—"just because he won't admit to sexually abusing her, just because that's the only thing he won't admit to, doesn't mean that we haven't proven it to you beyond a reasonable doubt"—referred to Baker's statement to a police detective in an interview.[8] During the interview, Baker admitted to being a bad influence on the children involved in this case and to writing a note for use in the bank robbery, but he denied R.C.'s sexual-assault accusation. The district court could have reasonably concluded that the complained-of jury argument was proper because it was a summation of the evidence presented at trial. *See Jackson*, 17 S.W.3d at 673. Further, the district court could have reasonably concluded that the language of this jury argument was not "manifestly intended" as a comment on the defendant's failure to testify or "of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *See Busby*, 253 S.W.3d at 666; *see also Garcia*, 126 S.W.3d at 923-24 (concluding that prosecutor's jury argument—"he's not going to tell you something very important in that statement, but we are going to prove it to you and the evidence is going to show you"—referred to defendant's statement in evidence and was not comment on his failure to testify or his right to remain silent); *Lopez v. State*, 339 S.W.2d 906, 910-11 (Tex. Crim. App. 1960) (concluding that prosecutor's jury argument—"[n]ow this defendant has not told you all that happened on top of that hill, we know that"—referred to defendant's statement in evidence and was not comment on his failure to testify). We overrule Baker's fourth issue.

_____

[8] The prosecutor stated, "Judge, I was commenting on [Baker's] statement made to Detective Riley."

**Fifth issue: Cumulative effect of errors**

In his fifth and final issue, Baker contends that the cumulative effect of the district court's errors denied him a fair trial. "It is conceivable that a number of errors may be found harmful in their cumulative effect." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). However, the cumulative-error doctrine affords relief only when constitutional errors so "fatally infect the trial" that they violate the trial's "fundamental fairness." *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004). The cumulative-error doctrine does not apply unless the complained-of errors have been preserved for appeal and are actually errors. *See Chamberlain*, 998 S.W.2d at 238 ("[W]e are aware of no authority holding that non-errors may in their cumulative effect cause error."); *Logan v. State*, No. 07-09-00150-CR, 2010 Tex. App. LEXIS 3847, at *18 (Tex. App.—Amarillo May 20, 2010, pet. ref'd) (mem. op., not designated for publication). If a defendant fails to prove any error as to his complaints separately, there is no cumulative harm. *Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016); *see Taylor v. State*, No. 05-14-00821-CR, 2016 Tex. App. LEXIS 13705, at *26 (Tex. App.—Dallas Dec. 27, 2016, pet. ref'd) (mem. op., not designated for publication) (rejecting defendant's cumulative-error contention after concluding that only one arguable error was preserved, which was harmless, such that there were "no errors to cumulate").

Here, Baker's cumulative-error contention lacks merit because we have concluded, as to his preserved appellate issues, that one complained-of error was harmless and that there was no error as to the remaining complaints. *See Bell*, 367 F.3d at 471; *Buntion*, 482 S.W.3d at 79; *Chamberlain*, 998 S.W.2d at 238; *Taylor*, 2016 Tex. App. LEXIS 13705, at *26. Accordingly, we overrule Baker's fifth issue.

14

## CONCLUSION

We affirm the district court's judgments of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Baker

Affirmed

Filed:   April 17, 2019

Do Not Publish